IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| MONTGOMERY WARD & CO., | : | Bankruptcy Case No. 97-1409-PJW |
| INCORPORATED, et al., | : | |
| | : | |
| Debtors. | : | |
| | : | |
| | | |
| RELIANCE INSURANCE COMPANY, | : | |
| et al., | : | |
| | : | |
| Plaintiffs and | : | |
| Counterdefendants, | : | |
| | : | |
| v. | : | Civil Action No. 01-421-JJF |
| | : | |
| COLONIAL PENN FRANKLIN | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant and | : | |
| Counterplaintiff. | : | |

---

Barry M. Klayman, Esquire of Wolf, Block, Schorr and Solis-Cohen
LLP, Wilmington, Delaware.
Of Counsel:  Brian P. Flaherty, Esquire and Stephanie L. Kosta,
Esquire of Wolf, Block, Schorr and Solic-Cohen LLP, Philadelphia,
Pennsylvania.
Attorneys for Plaintiffs and Counterdefendants.

Jeffrey C. Wisler, Esquire and Marc J. Phillips, Esquire of
CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.
Of Counsel:  Donald Flayton, Esquire and Kenneth M. Gorenberg,
Esquire of WILDMAN, HARROLD, ALLEN & DIXON LLP, Chicago,
Illinois.
Attorneys for Defendant and Counterplaintiff.

---

**MEMORANDUM OPINION**

June 22, 2006
Wilmington, Delaware

**Farnan,** District Judge.

Pending before the Court is Forum's Renewed Objection To The Bankruptcy Court's Summary Judgment Ruling Against Forum's Illegality Defense (D.I. 54) and Forum's Motion For Leave To File *Instanter* Its Reply In Support Of Its Renewed Objection To The Bankruptcy Court's Summary Judgment Ruling Against Forum's Illegality Defenses (D.I. 59). In addition, Reliance has filed a Motion For Leave To File Sur-Reply To Forum's Reply In Support Of Its Renewed Objection To The Bankruptcy Court's Summary Judgment Ruling Against Forum's Illegality Defense (D.I. 62). For the reasons discussed, Forum's Renewed Objection will be overruled, Forum's Motion For Leave To File *Instanter* Its Reply will be granted, and Reliance's Motion For Leave To File Sur-Reply will be granted.

## I.   THE PARTIES' CONTENTIONS

By its Renewed Objection, Defendant AIG Premier Insurance Company (f/k/a Colonial Penn Franklin Insurance Company) ("Forum") contends that the Bankruptcy Court erred in granting summary judgment in favor of Reliance Insurance Company, United Pacific Insurance Company and Reliance Surety Company (collectively, "Reliance") on Forum's defense that the agreement between Forum and Reliance (the "Forum Agreement") violates the public policy of the Illinois Insurance Holding Company Systems Act (the "illegality defense"). (D.I. 55, Exh. 43 (Order of the

1

Bankruptcy Court dated 4/21/00)).  Specifically, Forum contends
that the Forum Agreement violates Section 20a of the Illinois
Insurance Holding Company Systems Act, 215 ILCS § 5/131.1 et seq.
(the "Holding Company Act" or the "Act"), which requires the
Illinois Insurance Department to pre-approve certain transactions
in order to ensure the solvency of insurance companies and
protect the interest of policyholders.  Forum contends that the
Forum Agreement is properly characterized as a guarantee, an
extension of credit or a transaction involving the transfer of
assets from or liabilities to an Illinois insurance company, and
therefore, prior approval of the Forum Agreement by the Insurance
Department was required.  Because Reliance failed to obtain this
approval, Forum contends that the Forum Agreement is void.  Forum
also contends that it presented sufficient facts to demonstrate
that Reliance knew or should have known that the Forum Agreement
was illegal, and therefore, unenforceable.  Thus, Forum requests
the Court to sustain its Renewed Objection, deny Reliance's
Motion For Summary Judgment and remand the illegality defense,
together with Forum's other defenses, to the Bankruptcy Court.

        In response, Reliance contends that the Forum Agreement is
an indemnity agreement that does not fall within the types of
agreements delineated by Section 20a of the Holding Company Act.
Reliance also contends that even if the Forum Agreement is
governed by Section 20a of the Act, the failure of Reliance to

obtain approval for the Forum Agreement only renders the
agreement voidable, not automatically void.  Reliance contends
that the Illinois Director of Insurance (the "Director") elected
not to take any actions to void the Forum Agreement.  Reliance
further contends that the public policy behind the Holding
Company Act is not implicated by the Forum Agreement, and
therefore, the Forum Agreement should not be voided.

## II.   STANDARD OF REVIEW

Pursuant to Rule 9033(d), the Court applies a de novo
standard of review to the Bankruptcy Court's proposed findings of
fact and conclusions of law.  The Court may "accept, reject or
modify the proposed findings of fact or conclusions of law,
receive further evidence, or recommit the matter to the
bankruptcy judge with instruction."  Fed. R. Bankr. P. 9033(d).
In conducting a de novo review, the Court must consider all of
the Bankruptcy Court's findings and conclusions and afford them
no presumption of validity.

In this case, the Bankruptcy Court granted summary judgment
in favor of Reliance on Forum's illegality defense.  Pursuant to
Fed. R. Civ. P. 56(c), a party is entitled to summary judgment if
a court determines from its examination of "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any," that there are no genuine
issues of material fact and that the moving party is entitled to

3

judgment as a matter of law.  Fed. R. Civ. P. 56(c).   In
determining whether there is a triable dispute of material fact,
a court must review all of the evidence and construe all
inferences in the light most favorable to the non-moving party.
Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir.
1995).  A court should not make credibility determinations or
weigh the evidence.   Reeves v. Sanderson Plumbing Prods., Inc.,
530 U.S. 133, 150 (2000).

The non-movant may defeat a motion for summary judgment, by
coming forward with specific facts showing that there is a
genuine issue for trial.  Matsushita Elec. Indus. Co., Ltd. v.
Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  The mere
existence of some evidence in support of the nonmovant will not
be sufficient to support a denial of a motion for summary
judgment.  Rather, there must be enough evidence to enable a jury
to reasonably find for the nonmovant on that issue.  Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

**III. DISCUSSION**

The purpose of the Holding Company Act is to protect the
interests of current and future policyholders of Illinois
insurance companies.  Hoylake Investments Ltd. v. Washburn, 723
F. Supp. 42, 46 (N.D. Ill. 1989).  The provisions of the Holding
Company Act applicable to this dispute provide, in pertinent
part:

4

131.20a.   Prior notification of transactions; dividends
           and distributions

(1)(a) The following transactions between a domestic
company and any person in its holding company system
may not be entered into unless the company has notified
the Director in writing of its intention to enter into
such transaction at least 30 days prior thereto, or
such shorter period as the Director may permit, and the
Director has not disapproved it within such period:

       (i) Sales, purchases, exchanges of assets, loans
or extensions of credit, guarantees, investments, or
any other transaction involving the transfer of assets
from or liabilities to a company equal to or exceeding
the lesser of 3% of the company's admitted assets or
25% of its surplus as regards policyholders as of the
31st day of December next preceding. . . .

(d) The Director, in reviewing transactions pursuant to
paragraph (a), shall consider whether the transactions
comply with the standards set forth in Section 131.20
and whether they may adversely affect the interests of
policyholders.

131.24.   Sanctions

. . . (2) Whenever it appears to the Director that any
company subject to this Article or any director,
officer, employee or agent thereof has engaged in any
transaction or entered into a contract which is subject
to . . . Section 131.20, . . . and which would not have
been approved had such approval been requested or would
have been disapproved had required notice been given,
the Director may order the company to cease and desist
immediately any further activity under that transaction
or contract.  After notice and hearing the Director may
also order (a) the company to void any such contracts
and restore the status quo if such action is in the
best interest of the policyholders or the public, and
(b) any affiliate of the company, which has received
from the company dividends, distributions, assets,
loans, extensions of credit, guarantees, or investments
in violation of any such Section, to immediately repay,
refund or restore to the company such dividends,
distributions, assets, extensions of credit, guarantees
or investments. . . .

5

215 ILCS §§ 5/131.20a, 131.24 (1993).

In granting summary judgment in favor of Reliance on Forum's illegality defense, the Bankruptcy Court "conclude[d] that there was no evidence to support the proposition that this contract is illegal under either Pennsylvania or Illinois law."[1]  (D.I. 55, Exh. 43 at A492).  The Court agrees with the Bankruptcy Court's conclusion.  Regardless of whether the Forum Agreement meets one of the specific types of agreements listed in Section 131.20a of the Holding Company Act, the Court cannot conclude that the failure to obtain the approval of the Director under the Act voids the Forum Agreement.  Under Illinois law, the violation of a statute does not render a contract per se invalid.  Rather, the determination of whether to invalidate a contract that violates a statute is one of legislative intent.  In this regard, the Illinois Supreme Court explained:

> [T]here is no inflexible rule of arbitrary application
> for the determination of the effect by implication of
> the prohibitory statute.  The question presented is one
> of legislative intent to be gathered from the language
> of the statute read in the light of the circumstances
> with which it deals, with such considerations of public
> policy as may be involved in the conflicting claims of
> construction.

---

[1]     In its Response to Forum's Renewed Objection (D.I. 57), Reliance contends that Pennsylvania law applies to the adjudication of this matter.  However, Reliance does not believe that there are significant differences between Pennsylvania and Illinois law as it pertains to the illegality defense, and therefore, Reliance addresses Forum's Renewed Objection solely in terms of Illinois law.  For this reason, the Court will also limit its analysis of Forum's illegality defense to Illinois law.

Grody v. Scalone, 96 N.E.2d 97 (Ill. 1950).  In the Holding

Company Act, the Illinois legislature has not provided for the

per se invalidation of a contract that violates the Act.  Rather,

the statutory scheme provides the Director with the discretion to

declare a contract that violates the Act void.  215 ILCS § 131.24

(stating that, in the event of violation of Section 131.20a of

the Act, "the Director may order the company to cease and desist

immediately any further activity under that transaction or

contract" and "[a]fter notice and hearing the Director may also

order . . . the company to void any such contracts and restore

the status quo if such action is in the best interest of the

policyholders or the public . . .") (emphasis added).  Thus, the

statutory scheme of the Holding Company Act expressly vests the

Director with the authority to approve or disapprove contracts

falling within the provisions of the Act and with the authority

to determine the consequences of a violation of Section 131.20 of

the Act.

    Forum directs the Court to a number of cases in which the

courts have invalidated contracts that violate public policy;

however, each of those cases involved contracts whose substantive

terms were, in and of themselves, violations of public policies

embodied in state statutes or case law.  See Vine St. Clinic v.

Healthlink, Inc., 819 N.E.2d 363 (Ill. App. Ct. 2004) (voiding

contract that violated Medical Practice Act's prohibition on fee-

splitting by permitting payment by medical professionals for referrals); Aste v. Metro. Life Ins. Co., 728 N.E.2d 629 (Ill. App. Ct. 2000) (voiding contract that violated Illinois security law); TLC Laser Center, Inc. v. Midwest Eye Inst. II, Ltd., 714 N.E.2d 45 (Ill. App. Ct. 1999) (voiding contract that violated Medical Practice Act's prohibition on fee-splitting); Klubeck v. Division Medical X-Ray, Inc., 439 N.E.2d 506 (Ill. App. Ct. 1982) (voiding contract that was purposefully drafted to avoid statute which forbid alienation of medical practice's right to payment from the Department of Welfare). As the Bankruptcy Court noted during the hearing, there is nothing illegal about the substance of the Forum Agreement.

Forum further contends that the Holding Company Act is designed to protect the public, and therefore a contract which violates its requirements is void. However, the case law cited above, upon which Forum relies, does not involve a statutory scheme like the Holding Company Act which identifies the precise consequences that flow from a violation of that scheme. Moreover, as Reliance points out, insurance company regulation is a matter which is traditionally left to the states with the relevant statutory law to be administered by the insurance departments of the respective states.[2] See e.g. Winger v. Chicago

---

[2]     Forum contends that "several sections of the Holding Company Act expressly provide for judicial review and enforcement." (D.I. 60 at 11) (citing 215 ILCS §§ 5/131.12,

City Bank and Trust Co., 67 N.E.2d 265, 272 (Ill. 1946) ("[I]f
the statute gave express authority to the Director of Insurance
to approve or reject an agency contract it would not be within
the province of the court, at the instance of policyholders, to
interfere with the prosecution of business of the company by
setting aside a contract wholly within the jurisdiction of the
Director of Insurance.").

In sum, the Court concludes that the Bankruptcy Court
correctly granted summary judgment in favor of Reliance.
Assuming the Forum Agreement was subject to the Holding Company
Act, the Forum Agreement is not per se void for failing to comply
with the Act's requirements.  Under the express terms of the
Holding Company Act, a non-compliant agreement is only voidable,
and the determination of whether such a contract should
ultimately be voided lies within the discretion of the Director
of Insurance.  Accordingly, the Court will adopt the
recommendation of the Bankruptcy Court on the issue of
illegality, overrule Forum's Renewed Objection, and grant summary
judgment in favor of Reliance on Forum's illegality defense.

_____

131.23, 131,27).  The Court has reviewed those sections and none
of them pertain to Section 131.20a, which further supports the
Court's conclusions that the legislature intended violations of
Section 131.20a and the consequences thereof to be left to the
discretion of the Director without intervention by the Court.

## IV.   CONCLUSION

For the reasons discussed, the Court will adopt the recommendation of the Bankruptcy Court on the issue of illegality and grant summary judgment in favor of Reliance on Forum's illegality defense.   In accordance with this ruling, the Court will overrule Forum's Renewed Objection, and grant Forum's motion for leave to file a Reply Brief and Reliance's motion for leave to file a Sur-Reply Brief.

Appropriate Orders will be entered.