IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | Chapter 11 |
| : | |
| MONTGOMERY WARD & CO., : | Bankruptcy Case No. 97-1409-PJW |
| INCORPORATED, et al., : | |
| : | |
| Debtors. : | |
| _____ : | _____ |
| : | |
| RELIANCE INSURANCE COMPANY; : | |
| UNITED PACIFIC INSURANCE : | |
| COMPANY; RELIANCE SURETY : | |
| COMPANY, and RELIANCE : | |
| NATIONAL INDEMNITY COMPANY, : | |
| : | |
| Plaintiffs and : | |
| Counterdefendants, : | |
| : | |
| v. : | Civil Action No. 01-421-JJF |
| : | |
| COLONIAL PENN FRANKLIN : | |
| INSURANCE COMPANY, : | |
| : | |
| Defendant and : | |
| Counterplaintiff. : | |

### MEMORANDUM ORDER

Pending before the Court is a Motion For Certification Of Interlocutory Appeal (D.I. 67) filed by Defendant AIG Premier Insurance Company (f/k/a Colonial Penn Franklin Insurance Company and referred to as "Forum"). By its Motion, Forum requests the Court to certify an interlocutory appeal of the Court's June 22, 2006 Orders granting summary judgment in favor of Plaintiffs and against Forum on its illegality defense. Forum also requests the Court to stay further proceedings in this case until resolution of the interlocutory appeal.

Plaintiffs, Reliance Insurance Company, United Pacific Insurance Company, Reliance Surety Company, and Reliance National Indemnity Company Reliance(collectively, "Reliance") oppose Forum's Motion. Reliance contends that this Court has already established the procedures to be used to resolve the affirmative defenses in this case. Reliance also contends that Forum has not established that certification of the appeal is warranted pursuant to the requirements of 28 U.S.C. § 1292.[1]

Pursuant to Section 1292(b), a party moving for certification of an interlocutory appeal must demonstrate that: (1) the order from which the appeal is sought involves a controlling question of law, (2) there is substantial ground for difference of opinion with respect to that question, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b). A court will only grant an interlocutory appeal if all three requirements are met. Trotter v. Perdue Farms, Inc., 168 F. Supp. 2d 277, 287 (D. Del. 2001). The decision to certify an order for appeal under Section 1292(b) lies within the sound discretion of the court. Moreover, certification of an interlocutory appeal is granted sparingly and

---

[1] During the pendency of this Motion, Reliance also filed a Motion To Lift The Stay On Remand To The Bankruptcy Court Pending This Court's Decision On Forum's Motion For Certificate Of Appealability (D.I. 72). Objections to that Motion have been filed by Forum. (D.I. 74). In light of the Court's decision on the Motion For Certification, Reliance's Motion To Lift Stay will be denied as moot.

2

only in exceptional circumstances. Hulmes v. Honda Motor Co., 936 F. Supp. 195, 208 (D.N.J. 1996), aff'd 141 F.3d 1154 (3d Cir. 1998).

After reviewing the parties' arguments in light of the circumstances in this case and the applicable legal requirements, the Court concludes that certification of the Court's June 22, 2006 Orders for interlocutory appeal is unwarranted. The Court is not persuaded that an interlocutory appeal will materially advance this litigation. Regardless of whether the Third Circuit affirms or reverses the Court's decision on the illegality defense, this case will be in the same procedural posture as it is today. The only difference may be that a reversal of the Court's decision will result in eight affirmative defenses being remanded to the Bankruptcy Court, rather than seven. In the Court's view, this case should not be placed in a holding pattern to allow Forum to pursue an appeal which will not finally resolve the issues in this case. Further, as Reliance foreshadows, an interlocutory appeal of the Court's decision will almost certainly lead to three rounds of appeals in this case.

The Court has already concluded that a remand of this matter to the Bankruptcy Court is appropriate, and Forum has not persuaded the Court that the circumstances warrant an interlocutory appeal. Accordingly, the Court will lift the stay imposed in this case and remand this matter to the Bankruptcy

Court consistent with its previous decision.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Forum's Motion For Certification Of Interlocutory Appeal (D.I. 67) is **DENIED**.

2. Reliance's Motion To Lift The Stay On Remand To The Bankruptcy Court Pending This Court's Decision On Forum's Motion For Certificate Of Appealability (D.I. 72) is **DENIED** as moot.

3. The sua sponte stay of the Court's April 25, 2006 Order remanding this matter to the Bankruptcy Court imposed by the Court in its July 7, 2006 letter is lifted, and the above-captioned matter is remanded to the Bankruptcy Court in accordance with the Court's April 25, 2006 Order.

October 18, 2006
Date

UNITED STATES DISTRICT JUDGE